

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ANTHONY W. HALL,

                       Plaintiff,

          -against-

HON. CHERYL J. GONZALES; HON.
CAROLYN WALKER DIALO; JOSEPH
MINOGUE; ED HALL; BALSAMO &
ROSENBLATT; ILEANA RIVERA; MAZAL
MAPL NABC 2018 LLC; ARSEN YAKUBOV;
DEBORAH M. MARSHALL; TOBY WELLS;
SPECIALIZED LOAN SERVICING; SYLVIA G.
ASH; MARK I. PARTNOW; HON. JANET
DIFIORE; FRENKEL LAMBERT WEISS
WEISMAN & GORDON; CHARLES W. SCARF;
BANK OF NEW YORK MELLON,

                       Defendant.
-------------------------------------------------------------- X

MEMORANDUM & ORDER

1:19-cv-7176 (ENV)

VITALIANO, D.J.

      Plaintiff Anthony W. Hall brings this action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, challenging the foreclosure of his real property located in Brooklyn, New York.[1] Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted solely for the purpose of this Order. For the reasons discussed below, the complaint is dismissed.

---

[1] The Court notes that plaintiff filed four other actions in this Court in 2019, all of which have been dismissed. *See Hall v. Shellpoint Mortgage*, No. 19-CV-1807 (ENV); *Hall v. Cooper*, No. 19-CV-1684 (ENV); *Hall v. Select Portfolio*, No. 19-CV-1683 (ENV) and *Hall v. Specialized Loan*, No. 19-CV-1518 (ENV).

1

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Although *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 175, 66 L. Ed. 2d 163 (1980), a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). A *pro se* plaintiff must also "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). If subject matter jurisdiction is absent, the district court must dismiss the complaint regardless of the merits of the underlying action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006).

## Background

Plaintiff challenges the May 15, 2015, judgment of foreclosure of his real property located at 497 Maple Street, Brooklyn, New York, in Kings County Supreme Court. *See* Compl. at 13.[2] Plaintiff alleges that defendants engaged in fraud and seeks the return of the property. *Id.* at 8, 10.

---

[2] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

## Discussion

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Singh v. U.S. Citizenship and Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.* Under diversity jurisdiction, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202, 179 L. Ed. 2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh*, 546 U.S. at 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62–3 (2d Cir. 2009).

The jurisdictional inquiry sounds the death knell for Hall's lawsuit. Succinctly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331, as it is well settled that judgments of foreclosure are fundamentally matters of state law. *See, e.g., Worthy-Pugh v. Deutsche Bank National Trust*, 664 F. App'x 20, 21 (2d Cir. Oct. 18, 2016) (summary order) (a district court lacks jurisdiction to invalidate a foreclosure judgment); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (state foreclosure action and judgment barred from district court review by *Rooker-Feldman* doctrine); *see also Hung v. Hurwitz*, No. 17-CV-4140, 2017 WL 3769223 at *2 (E.D.N.Y. Aug. 29, 2017).

## Conclusion

In line with this analysis, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Further, in keeping with its duty to liberally construe *pro se* complaints, the Court has considered whether to grant leave to amend the complaint, but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

Separately, plaintiff is cautioned that this Court will not tolerate frivolous litigation and "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

So Ordered.

Dated: Brooklyn, New York
      January 6, 2020

                                                        s/ Eric N. Vitaliano
                                                      _____
                                                       ERIC N. VITALIANO
                                                       United States District Judge